IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD RIETCHECK and SARA RIETCHECK, on behalf of themselves and on behalf of their minor daughters, DAISY RIETCHECK and SIERRA RIETCHECK,<br><br>          Plaintiffs,<br><br>v.<br><br>CITY OF ARLINGTON, an Oregon municipal corporation; RUBEN T. WETHERELL, in his personal capacity and his capacity as the Mayor of the City of Arlington; TIMOTHY J. WETHERELL, in his personal capacity and his capacity as the Director of Public Works for the City of Arlington; and ANDERSON PERRY & ASSOCIATES, INC., an Oregon business corporation,<br><br>          Defendants. | 04-CV-1239-BR<br><br>OPINION AND ORDER |

**JONATHAN M. RADMACHER**
**TRUNG D. TU**
McEwen Gisvold LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, OR  97204
(503) 226-7321

          Attorneys for Plaintiffs

1 - OPINION AND ORDER

**BARRY J. GOEHLER**
**MICHAEL A. LEHNER**
Lehner & Rodrigues, P.C.
1500 S.W. First Avenue, Suite 1015
Portland, OR  97201
(503) 226-2225

>    Attorneys for Defendants City of Arlington, Ruben T.
>    Wetherell, and Timothy J. Wetherell

**DANIEL F. KNOX**
**NOAH JARRETT**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suites 1500-1900
Portland, OR  97204
(503) 222-9981

>    Attorneys for Defendant Anderson Perry & Associates,
>    Inc.

**BROWN, Judge.**

This matter comes before the Court on the Motion for Judgment on the Pleadings (#16) filed by Defendants City of Arlington, Ruben T. Wetherell, and Timothy J. Wetherell, and the Motion to Dismiss (#18) filed by Defendant Anderson Perry & Associates, Inc.

For the reasons that follow, the Court **GRANTS in part** the Motion for Judgment on the Pleadings, **DISMISSES** Plaintiffs' Second Claim, and **DENIES** the balance of Defendants' Motion.  The Court also **DENIES as moot** the Motion to Dismiss.

## PLAINTIFFS' COMPLAINT

For purposes of Defendants' Motions, the Court accepts as

2 - OPINION AND ORDER

true Plaintiffs' allegations set forth in their Complaint and views the alleged facts in the light most favorable to Plaintiffs.

Defendant Ruben Wetherell has been the Mayor of Arlington, Oregon, since 2000. Defendant Timothy Wetherell is Ruben Wetherell's brother and is employed as Director of Public Works for Arlington.

Beginning in 1995, before Ruben Wetherell became the Mayor, he and his brother diverted water from an "inactive" City of Arlington water line onto Ruben Wetherell's property. Ruben Wetherell used the water line until May 2004 to water, to fertilize, and/or to apply pesticide to his property. As a result, the water in the line was contaminated with chemicals that had backflowed into the water line from the Wetherells' fertilizer and pesticide use. The Wetherells never paid for the water obtained from this water line and were able to divert the water because of Timothy Wetherell's misuse of his authority as Director of Public Works. The Arlington City Council was aware of the Wetherells' theft of city water and did nothing to stop it.

At the end of 2003 or early 2004, the City of Arlington hired Defendant Anderson Perry & Associates to provide engineering services regarding the City's drinking-water system. On or about March 2, 2004, at the direction of Anderson Perry and

with the full knowledge and support of the Wetherells, the City switched the inactive water line to become the source of Plaintiffs' household water. Consequently, Plaintiffs' household water supply began to come through the water line that had been contaminated by the Wetherells' fertilizer and pesticide use, and Plaintiffs became very sick after using this water.

On May 10, 2004, Plaintiffs sent the City a Tort Claims Notice. Shortly thereafter the Wetherells and other City employees began flushing the contents of the Wetherells' fertilizer/pesticide tank and dismantling Ruben Wetherell's irrigation system. Plaintiffs allege the Wetherells conspired with each other and other City employees to destroy evidence of their contamination of the City's public drinking-water system and Plaintiffs' household water.

Plaintiffs assert four claims. Plaintiffs' First Claim is against the City and the Wetherells under 42 U.S.C. § 1983 for violation of Plaintiffs' substantive due process rights to be free from state-created danger. Plaintiffs' Second Claim is also against the City and the Wetherells under § 1983 for denial of access to the courts based on Defendants' alleged destruction of evidence. Plaintiffs' Third Claim is for common-law negligence against the City and the Wetherells. Plaintiffs' Fourth Claim is against Anderson Perry for common-law negligence.

Plaintiffs seek economic damages of not less than $14,000,

noneconomic damages of not less than $300,000, and punitive damages of not less than $500,000.  Plaintiffs also seek an order requiring Defendants to pay for insurance to cover medical monitoring of Plaintiffs for life because Plaintiffs do not know the long-term consequences of having ingested the contaminated water.

## MOTION FOR JUDGMENT ON THE PLEADINGS

### I. Standards

Fed. R. Civ. P. 12(c) provides:

> After pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.  *Torbet v. United Airlines, Inc.,* 298 F.3d 1087, 1089 (9th Cir. 2002).

### A.  Plaintiffs' First Claim Is Not Preempted.

Plaintiffs' First Claim is brought under 42 U.S.C. § 1983 for violation of their rights to substantive due process under the Fourteenth Amendment to the United States Constitution.

5 - OPINION AND ORDER

Specifically, Plaintiffs allege Defendants violated their rights to be free from state-created danger. Defendants, however, argue Plaintiffs' First Claim is preempted by the Safe Drinking Water Act (SDWA), 42 U.S.C. §§ 300f, *et seq*.

Defendants assert the SDWA includes a comprehensive remedial scheme and, therefore, preempts other federal actions related to the quality of drinking water. Defendants argue Plaintiffs' First Claim turns on the allegation that Plaintiffs were harmed by contaminated drinking water, and, therefore, Plaintiffs' First Claim is preempted because it "falls squarely within the ambit of the SDWA."

The SDWA generally applies to "each public water system in each State" and authorizes the Environmental Protection Agency (EPA) to set standards for drinking-water contaminants therein. 42 U.S.C. § 300g-1(b). Congress enacted the SDWA "with the basic goal of protecting the purity of the drinking water provided by the nation's public water systems. To this end, the Act vests authority in the EPA to promulgate and enforce . . . water-purity standards . . . ." *United States v. Mass. Water Res. Auth.*, 256 F.3d 36, 38 (1st Cir. 2001)(footnote omitted).

An alleged violation of a federal stataute may not be vindicated under § 1983 if "(1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either

6 - OPINION AND ORDER

explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (internal citations omitted). "[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right." *Id.* (internal quotation and citations omitted). Accordingly, Defendants' Motion presents two issues: 1) whether the SDWA includes a comprehensive remedial scheme and 2) whether Plaintiffs' First Claim is an action to vindicate a right provided by the SDWA or to remedy a violation of the SDWA.

Under the SDWA, the Administrator of the EPA may bring a civil action to compel compliance with the statute. 42 U.S.C. § 300g-1(b)(1). Violators of the SDWA are subject to civil penalties of up to $25,000 per day. *Id.* at § 300g-3(b). The SDWA allows individuals to bring civil actions to enforce the requirements of the statute and allows for the recovery of attorneys' fees and costs. *Id.* at § 300j-8. The statute, however, does not appear to allow actions to recover compensatory damages. In addition, civil actions under the SDWA are apparently limited to suits against persons "alleged to be in violation" of the Act; *i.e.,* citizen suits are limited to the redress of continuing harm, and the act does not provide a remedy for past violations. *Mattoon v. City of Pittsfield*, 980 F.2d 1,

7 - OPINION AND ORDER

6 (1st Cir. 1992).

Defendants argue administration of the SDWA has been delegated to the states, and, accordingly, Oregon has "specifically and comprehensively addressed the issue of contamination of public drinking water systems from cross-connections that may allow contaminants to back flow into such systems." *See* OAR 333-061-0070(37). Violation of the Oregon administrative regulations can result in criminal and civil penalties. OAR 333-061-0090.

The Court concludes the SDWA, in combination with the Oregon administrative regulations, establishes a comprehensive remedial scheme that grants enforcement rights to both the government and private citizens. Accordingly, the Court concludes the SDWA preempts § 1983 claims brought to enforce the SDWA's requirements.

Plaintiffs, however, argue their § 1983 claim is not preempted because Plaintiffs do not bring their claim pursuant to the SDWA, do not seek to enforce the SDWA, and do not seek any remedy for violation of the SDWA. Plaintiffs contend their § 1983 claim is based on Defendants' violation of Plaintiffs' substantive due process rights to be free from state-created danger.

In response, Defendants assert the SDWA precludes any § 1983 action based on an alleged deprivation of constitutional rights

8 - OPINION AND ORDER

in the field occupied by the federal statutory scheme. Defendants rely on *Mattoon* in which the First Circuit held the SDWA precluded both a § 1983 claim for violation of the SDWA and a § 1983 claim for violation of the plaintiffs' constitutional rights. The *Mattoon* plaintiffs brought two § 1983 claims after they contracted giardiasis from improperly chlorinated water in their drinking supply. The plaintiffs specifically sought damages for the defendants' violation of the SDWA and also asserted a claim for violation of the "constitutional right to safe drinking water." The First Circuit held the SDWA preempted both § 1983 claims.

The plaintiffs' § 1983 claims in *Mattoon,* however, are distinguishable from Plaintiffs' First Claim brought under § 1983. In *Mattoon*, both § 1983 claims were based on the plaintiffs' alleged rights to safe drinking water. Accordingly, the First Circuit found both claims were preempted by the SDWA. Plaintiffs here, on the other hand, bring their First Claim under § 1983 to enforce their constitutional rights to be free from state-created danger, which is an entirely different kind of claim and is only tangentially related to safe drinking water. The Court, therefore, concludes Plaintiffs' First Claim brought under § 1983 is not preempted by the SDWA because Plaintiffs do not seek to vindicate any right addressed by the SDWA.

### B. Plaintiffs Have Stated a Claim for Violation of Their Rights To Be Free from State-Created Danger.

Even if the SDWA does not preempt Plaintiffs' First Claim, Defendants argue they are entitled to judgment on Plaintiffs' First Claim because Plaintiffs have not stated a valid claim under § 1983 for violation of their constitutional rights to be free from a state-created danger. To constitute a denial of due process in the form of a state-created danger, Defendants contend the executive abuse that created the danger must be of a level that "shocks the conscience."

Defendants rely on *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In *Lewis*, the plaintiffs, parents of a motorcycle passenger who was killed in a high-speed police chase, brought a § 1983 claim in which they alleged the defendants violated the passenger's 14th Amendment rights. The Supreme Court held the police officer was not liable because "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the 14th Amendment." *Id.* at 854. *Lewis*, however, does not address 14th Amendment analysis under the "state-created danger" doctrine, and, therefore, *Lewis* is not applicable to Plaintiffs' First Claim.

Although the Due Process Clause of the 14th Amendment is not a guarantee of any minimal levels of safety and security, and, therefore, the State generally cannot be held liable for failing to provide security to citizens, the state-created danger

10 - OPINION AND ORDER

doctrine is one of two exceptions to the general rule. *Kennedy v. City of Ridgefield*, 411 F.3d 1134 (9th Cir. 2005). *See also DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 196-97 (1989). To establish a state agent's § 1983 liability under the state-created danger theory, the plaintiff must show the agent acted with deliberate indifference to a known or obvious danger and the agent's actions created or increased such danger facing the plaintiff. *Kennedy*, 411 F.3d at 1142.

Applying this test to the allegations in the Complaint in the light most favorable to Plaintiffs, the Court concludes Plaintiffs have adequately stated a claim. Plaintiffs allege Defendants Ruben and Timothy Wetherell intentionally abused their power and authority as City officials when they knowingly allowed a contaminated water source to be hooked up to Plaintiffs' household water supply. Plaintiffs also allege the City acted pursuant to an official policy when it allowed the Wetherells to create the danger to Plaintiffs. In addition, Plaintiffs allege Defendants acted with deliberate indifference to a known and obvious danger when they subjected Plaintiffs to contaminated water.

Accordingly, the Court concludes these allegations are adequate at the pleading stage to state a claim for violation of Plaintiffs' constitutional rights to be free from state-created danger.

11 - OPINION AND ORDER

### C. Plaintiffs Have Not Stated a Claim for Denial of Access to the Courts.

In their Second Claim, Plaintiffs allege Defendants violated § 1983 by denying Plaintiffs' access to the courts. Specifically, Plaintiffs allege Defendants abused their power and authority as City employees and destroyed evidence that they had contaminated the City's public water system. In addition, Plaintiffs allege Defendants' conduct prevented Plaintiffs from determining the nature of the chemicals in the water and, therefore, limited Plaintiffs' ability to prove their claims and to determine the long-term health effects caused by Plaintiffs' consumption of the contaminated water.

Defendants argue they are entitled to judgment as to Plaintiffs' Second Claim because Plaintiffs' claim "is insufficient as a matter of law." The Court agrees.

A § 1983 claim for denial of access to the courts will lie when an official's actions to cover up or to destroy evidence result in the loss or inadequate settlement of a meritorious case. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). In *Christopher*, the Supreme Court identified two categories of denial-of-access claims. The first category involves "forward-looking" claims and includes assertions that an official action presently is denying a class of plaintiffs an opportunity to litigate. In these cases, the remedy the plaintiffs seek is an order removing the obstacle to litigation. Examples of "forward-

12 - OPINION AND ORDER

looking" cases include challenges to required filing fees that poor plaintiffs cannot afford to pay and actions in which prisoners seek access to law libraries. The second category involves "backward-looking" claims and includes actions that "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413-14.

> These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future.

*Id.* at 414. Plaintiffs' Second Claim falls into this second category.

To state a claim for denial of access to the courts, the Supreme Court also held the plaintiff must "identify a remedy that may be awarded as recompense but not otherwise available in some suit yet to be brought. * * * [T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the defendant." *Id.* at 415-16. The Ninth Circuit has recognized a § 1983 claim for denial of access based on police officers' cover-up of the facts surrounding a traffic accident that resulted in the plaintiff's death. *Delew v. Wagner*, 143 F.3d 1219 (9th Cir.

13 - OPINION AND ORDER

1998). To prevail on such a claim, the plaintiffs must "demonstrate that the defendants' cover-up violated their right of access to the courts by rendering any available state court remedy ineffective." *Id.* at 1223 (internal quotation and citation omitted).

Here Plaintiffs identify a single remedy for both their First Claim under § 1983 and their Second Claim for denial of access to the courts. Specifically, Plaintiffs allege in both claims that:

> Plaintiffs are entitled to have Arlington and the Wetherells pay for or provide Plaintiffs with insurance to pay for all reasonable periodic medical monitoring and treatment for the duration of Plaintiffs' entire life spans or at least until it can be proven to a medical certainty that Plaintiffs will not suffer any latent diseases as a result of their consumption of the hazardous substance and/or contaminant in their household water.

In addition, Plaintiffs seek $300,000 in noneconomic damages and $500,000 in punitive damages for each claim. Plaintiffs, however, do not identify "an underlying action and its lost remedy," nor a remedy that is otherwise unavailable. In addition, Plaintiffs do not allege any facts that indicate Defendants' alleged destruction of evidence rendered an available state-court remedy ineffective.

Accordingly, even when viewing the allegations of the Complaint in the light most favorable to Plaintiffs, the Court concludes Plaintiffs have not stated a claim for denial of access

14 - OPINION AND ORDER

to the courts and, therefore, dismisses Plaintiffs' Second Claim. Accordingly, the Court does not need to reach Defendants' alternative argument that they are entitled to qualified immunity as to Plaintiffs' Second Claim.

## **DEFENDANT ANDERSON PERRY & ASSOCIATES, INC.'S MOTION TO DISMISS**

Plaintiffs bring their Third Claim against the Wetherells and the City of Arlington for common-law negligence and their Fourth Claim against Defendant Anderson Perry for common-law negligence. If Plaintiffs' § 1983 claims against the other Defendants are dismissed, Anderson Perry asserts the Court should decline to exercise supplemental jurisdiction over the remaining common-law claims and should dismiss those claims.

Because the Court has denied Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Claim under § 1983, the Court denies Anderson Perry's Motion as moot.

## **CONCLUSION**

For these reasons, the Court the Court **GRANTS in part** the Motion for Judgment on the Pleadings (#16), **DISMISSES** Plaintiffs' Second Claim, and **DENIES** the balance of Defendants' Motion. The

Court also **DENIES as moot** the Motion to Dismiss (#18).

IT IS SO ORDERED.

DATED this 4th day of January, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge